**UNITED STATES of America**

v.

**Christiane Paul ZUE.**

**Civ. A. No. 88–131.**

United States District Court,
D. Vermont.

Nov. 3, 1988.

Sandra A. Strempel, Asst. U.S. Atty., U.S. Atty's. Office, Burlington, Vt., for plaintiff.

George E. Wenz, III, White River Junction, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

Hearing was held on October 24, 1988 on plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings.

The undisputed facts show that from 1971–1973, defendant received loans from Western Michigan University ("University") under the National Defense Loan Program, the so-called Perkins Loan Program, 20 U.S.C. §§ 1087aa–1087hh. In consideration for receiving the loans, defendant executed four promissory notes as follows:

1) note number 12554 dated January, 1972 in the amount of $500;
2) note number 13359, dated April, 1972 in the amount of $500;
3) note number 18542, dated August, 1972, in the amount of $750; and
4) note number 19120, dated April, 1973, in the amount of $500.

Defendant has made no payments on the loans, although in 1973 she did apply for and receive cancellation credit for her full-time teaching position at the Windsor High School. The credit was only given for the first note (# 12554), and was in the amount of $102.50.

From 1973–1984 the University attempted to collect the remaining amount due on the loans. These attempts were made on several occasions and by various methods, but were to no avail. On September 14, 1984, the University assigned the defaulted loans to the United States Department of Education pursuant to the Higher Education Act of 1965. 20 U.S.C. § 1087cc(a)(5). The government brought this action on May 27, 1988 to recover the amount due. According to the plaintiff, that amount was $3,091.73 as of the date of hearing.

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant moves for judgment on the pleadings on grounds that the government's action is time-barred under Michigan's five-year statute of limitations, 27A Mich.Stat.Ann. § 5807 [M.C.L.A. § 600.5807]. Defendant asserts that the right of action expired in 1978, five years after the loans first came due.

Defendant further disputes the government's position that the action was timely under the federal statute of limitations, which allows such actions on defaulted student loans to be brought within six years of the date of assignment to the Department of Education; defendant argues that Congress could not have intended to allow such actions, having been barred by state law, to be later revived.

In the alternative, defendant argues that the equitable doctrine of laches bars plaintiff's suit because of the University's lack of diligence in assigning the loans to the Department of Education. In opposition to the government's sovereign immunity argument, the defendant asserts that the doctrine of laches is to be applied against the University, not the government.

### PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Plaintiff moves for summary judgment in view of the undisputed facts that defendant received the loans and made no payments on them. Plaintiff argues that the filing of the suit was timely under the applicable federal statute of limitations, § 484A(a)(4)(C) of the Higher Education Act of 1965. The government seeks the

total amount borrowed, less the credits that were granted by the University, plus interest to date.

Defendant opposes plaintiff's motion based on her state statute of limitations argument. Defendant also opposes on grounds that a question of material fact exists as to whether defendant's loan should be partially offset by additional teaching credits which she allegedly applied for in 1973 or 1974. Defendant admits that there is no cancellation credit issue as to notes nos. 13359, 18542 and 19120, and only raises the issue as to note no. 12554.

## CONCLUSION

Statute of limitations issues are procedural in nature, and therefore the law of the forum applies. *Davis v. Mills,* 194 U.S. 451, 454–57, 24 S.Ct. 692, 693–94, 48 L.Ed. 1067 (1904); *Wells v. Simonds Abrasive Co.,* 345 U.S. 514, 516–17, 73 S.Ct. 856, 857–58, 97 L.Ed. 1211 (1953). Moreover, the United States generally is not bound by state statutes of limitation, *United States v. Summerlin,* 310 U.S. 414, 416–17, 60 S.Ct. 1019, 1020–21, 84 L.Ed. 1283 (1939). The applicable federal law, § 484A(a)(4)(C) of the Higher Education Act of 1965 (formerly 20 U.S.C. § 1091a(a)(4)(C)) provides in pertinent part:

Sec. 484A(a): Notwithstanding any provision of State law that would set an earlier deadline for filing suit—

(4) subject to the provisions of section 2416 of title 28 of the United States Code, the Attorney General may file suit—

(c) for collection of the amount due from a borrower on a loan made under part E until 6 years following the date on which the loan is assigned, transferred, or referred to the Secretary under Part E of [Title IV of the HEA].

Under the plain meaning of this law, plaintiff's action was timely because it was filed within six years after the time the loans were assigned to the Department of Education.

The defense of laches is also generally inapplicable against the United States. *United States v. Summerlin,* 310 U.S. 414, 416–17, 60 S.Ct. 1019, 1020–21, 84 L.Ed. 1283 (1939). In *S.E.R. Jobs for Progress Inc. v. United States,* however, the Federal Circuit recognized an exception to this rule where the United States brings an action on a contract, and the party asserting laches can show (1) a lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting laches. 759 F.2d 1 (1985). Here, the plaintiff did not delay in seeking to collect the loans, once the assignment was made. The only delay that defendant has alleged was in the University's assignment of the loan to the government, and during this time the University was actively pursuing various means of collection. No prejudice to the defendant, therefore, has been shown. Defendant has failed to establish any basis upon which the doctrine of laches can be applied.

Finally, the Court finds that there is a genuine question of material fact as to whether defendant is entitled to cancellation credit toward the first note. In view of this factual dispute and pursuant to Fed.R.Civ.P. 56, the plaintiff is not entitled to summary judgment as to note no. 12554.

Plaintiff's motion for summary judgment is GRANTED as to notes nos. 13359, 18542 and 19120, and DENIED as to note no. 12554. Defendant's motion for judgment on the pleadings is DENIED.

SO ORDERED.