### UNITED STATES of America, Plaintiff,

v.

### Paul HUNTER, Jr., Defendant.

### No. 87–749–Civ–J–14.

United States District Court,
M.D. Florida,
Jacksonville Division.

Nov. 15, 1988.

Dennis Moore, Asst. U.S. Atty., Tampa, Fla., for plaintiff.

Paul Hunter, Jr., Jacksonville, Fla., pro se.

### OPINION

SUSAN H. BLACK, District Judge.

This case is before the Court on plaintiff's Motion For Summary Judgment, filed on November 17, 1987; the defendant's Answer To Motion For Summary Judgment, filed on December 21, 1987; plaintiff's response to the defendant's answer, filed on April 18, 1988; and defendant's reply, filed on April 25, 1988. The Court finds that there are no genuine issues of fact 1) that the defendant borrowed $3,000.00 from Stetson University under the National Defense Student Loan Program [1] [hereinafter "NDSL"] now autho-

---

1. The National Direct Student Loan Program,      authorized by Title IV–E of the Higher Edu-

rized by Title IV–E of the Higher Education Act of 1965 [hereinafter "HEA"], as amended 20 U.S.C. §§ 1087aa–1087hh; 2) that the loan was disbursed in several installments between October 1970 and November 1971; 3) that the loan became due in 1973; 4) that the defendant defaulted on the loan; and 5) that the loan was assigned to the United States Department of Education [hereinafter "Department"] in 1983.

■ Defendant argues that the Florida statute of limitations on actions for the recovery of defaulted loans, Fla.Stat. § 95.11(2)(b), had expired before the assignment of his loan to the Department. The Court finds, however, that even if the Florida statute of limitations had expired before the defendant's NDSL loan was assigned to the Department, the United States's suit to collect this debt is timely filed by virtue of Section 484A(a)(4)(C) of the HEA, 20 U.S.C. § 1091a(a)(4)(C), which provides in pertinent part:

(a) In general
Notwithstanding any provision of State law that would set an earlier deadline for filing suit—

. . . .

(4) subject to the provisions of section 2416 of Title 28 [of the United States Code], the Attorney General may file suit—

. . . .

(C) for collection of the amount due from a borrower on a loan made under part E until 6 years following the date on which the loan is assigned, transferred, or referred to the Secretary under Part E of [Title IV of the HEA].

20 U.S.C. § 1091a(a)(4)(C).

■ In the absence of a specific federal rule providing a longer limitation period, mere assignment to the United States of a claim already barred under a state statute of limitations does not revive the time-barred claim. *See, e.g., Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 141–43, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938); *United States v. Taylor*, 333

F.2d 633, 640 (5th Cir.1964). Under that general rule, suit by the United States to collect this loan might have been barred in 1983. It is within the power of a legislature, however, to extend a previously applicable limitation period that had already commenced running and to enact a new limitation rule so as to revive claims already barred under a prior rule. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 311–12, 65 S.Ct. 1137, 1140–41, 89 L.Ed. 1628 (1945); *Osmundsen v. Todd Pacific Shipyard*, 755 F.2d 730, 733 (9th Cir.1985); *Davis v. Valley Distributing Co.*, 522 F.2d 827, 830 n. 7 (9th Cir.1975).

■ The Court finds that Section 484A of the HEA, enacted by Section 16033 of the Consolidated Omnibus Budget Reconciliation Act of 1985, Pub.L.No. 99–272, establishes a federal statute of limitations for assigned student loan debts, by providing a federal limitation for NDSLs to commence on the date on which the Secretary accepted assignment of the loan, and extending at least six years from that date. By its terms, this new federal rule applies "notwithstanding any provision of state law that would set an earlier deadline for filing suit." Section 484A of the HEA. Florida Stat. § 95.11(2)(b), which would have required that suit be brought well before the date of assignment, is clearly such a state law, and therefore, by virtue of Section 484A of the HEA, its limitations now have no effect on the United State's ability to enforce an assigned loan obligation previously affected by that law. Thus, the Court finds that even if the Florida statute of limitations had expired before assignment of defendant's loan to the Department, the United State's suit for collection of the loan is timely filed in 1987.

Accordingly, it is the opinion of this Court that Summary Final Judgment is appropriately entered against the defendant and for the plaintiff, the United States of America, in the principal sum of $3,000.00, plus interest in the amount of $1,112.11 as of July 19, 1987, and interest on the principal sum accruing thereafter at

cation Act, is a continuation of the National Defense Education Act of 1958. *See* Education Amendments of 1972, Pub.L.No. 92–318, § 137(d)(1), 86 Stat. 235 (1972).

the rate of 3 percent per annum until the date of judgment, plus interest from the date of judgment at the legal rate of 7.20 percent until paid in full, plus the United States Marshal's fees in the amount of $6.69, and the costs of this action.