**UNITED STATES of America, Plaintiff,**

v.

**Robert WALKER, Defendant.**

**No. 91–C–558–C.**

United States District Court,
N.D. Oklahoma.

March 17, 1992.

Kathleen B. Adams, Asst. U.S. Atty., Tony M. Graham, U.S. Atty., Tulsa, Okl., for U.S.

Lucy S. Kroblin, Lasorsa Weber & Miles, Tulsa, Okl., for Robert Walker.

## ORDER

H. DALE COOK, District Judge.

Before the Court is the motion to dismiss filed by defendant, Robert Walker, asserting that the applicable statute of limitation has expired thereby precluding government's action to collect on a delinquent student assistance loan.

The facts are undisputed. From September 30, 1965 through May 10, 1974 defendant Walker executed promissory notes to secure student assistance loans totalling $3,400.00 from Oklahoma State University. The University extended these loans under the Federally Funded Loan Programs authorized under Title IV–D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087aa, *et seq.* Under the terms of the loan agreements the borrower must repay the loans beginning nine months after the borrower ceases carrying at lease one-half a full-time academic workload. On August 1, 1974 defendant Walker ceased carrying the minimum workload. The University demanded payment, but defendant defaulted. On November 1, 1984, the University assigned the loan agreement to the Department of Education for collection. On July 30, 1991, the subject action was filed.

Defendant Walker seeks dismissal asserting that under 20 U.S.C. § 1091a (1986) a six-year limitation period from the date of assignment to the Department of Education is imposed, thus barring this action. According to Walker, the government was obligated to file this action on or before November 1, 1990.

The Court finds defendant's argument is without merit. On April 9, 1991, Congress amended the Higher Education Act of 1965. The new law, the Higher Education Technical Amendments of 1991, abrogated all limitation periods affecting collection of defaulted student loans. Under the amendment "any actions pending on or after the date of enactment" must be brought before November 15, 1992. 20 U.S.C. § 1091a. Under the provisions of the Amendment this action was timely filed in that the prior limitation period was abrogated; the action was commenced prior to November 15, 1992; and it was pending on or after April 9, 1991. The Amendment expressly applies to defendant Walker's debt and accordingly the motion to dismiss should be and hereby is denied.

**1074**

IT IS THEREFORE THE ORDER OF THE COURT, that the motion to dismiss filed by defendant Robert Walker is DENIED.

IT IS SO ORDERED.