**UNITED STATES of America, Plaintiff,**

**v.**

**Thomas CARNEY, Jr., Arlene Carney, Greenpoint Savings Bank, Industrial Stabilization Board for the Electrical Industry of Nassau and Suffolk County, Rollins Burdick Hunter of New York, and Long Island Electrical Co., Inc., Defendants.**

**No. 90 CV 3134(TCP).**

United States District Court, E.D. New York.

May 19, 1992.

James A. Bruton, Acting Asst. Atty. Gen., by Andrew D. Plepler, U.S. Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

Richard Urban, Patrick Lawlor, Williams, Urban & Salatto, Brightwaters, N.Y., for defendants Thomas Carney, Jr. and Arlene Carney.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendants Thomas Carney, Jr. and Arlene Carney have moved to dismiss plaintiff's complaint. For the reasons that follow, defendants' motion must be denied.

## BACKGROUND

For purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true. *Cameron v. Fogarty*, 705 F.2d 676, 678 (2d Cir.1983), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). As alleged, therefore, these are the relevant facts.

The United States commenced this action, pursuant to 26 U.S.C. §§ 7401 and 7403, seeking to reduce federal tax assessments against defendant Thomas Carney, Jr., to set aside two fraudulent conveyances of real property and to foreclose on federal tax liens on two parcels of real property. The complaint alleges that Carney Electric Construction Corporation ("Carney Electric") willfully failed to pay withholding taxes for the tax periods ending September 30, 1977, December 31, 1977, March 31, 1978, June 30, 1978, September 30, 1981, March 31, 1982, June 30, 1982, September 30, 1982 and December 31, 1982. On September 10, 1984, the Secretary of the Treasury Department then filed an assessment against Thomas Carney, Jr., as a responsible person of Carney Electric, pursuant to the terms of 26 U.S.C. § 6672, in the amount of $128,302.12. According to the complaint, Thomas Carney, Jr. received notice of the assessment and demand for payment.

To date, Thomas Carney, Jr. has failed to pay the assessment and the current amount of assessment is now $231,727.44 plus statutory additions from March 15, 1990. Since the assessments were not paid, on February 5, 1985 and March 13,

1990, federal tax liens were filed with the Nassau County Clerk's Office against all property owned by Thomas Carney, Jr. The government commenced the instant action on September 9, 1990.

The complaint seeks to set aside two conveyances of real property made by Thomas Carney, Jr. prior to the date of the tax assessments. The complaint alleges that on August 1, 1978, Thomas Carney, Jr., who was the record owner of a parcel of land located at 42 Hewlett Point Avenue, East Rockaway, New York ("42 Hewlett parcel"), deeded all of his rights, title and interest in this property to his wife, Arlene Carney. On that same date, the deed reflecting the transfer of the 42 Hewlett parcel was recorded in the Nassau County Clerk's Office. The government contends that this conveyance was for less than fair and adequate consideration and since it took place at a time when Thomas Carney, Jr., was insolvent, or rendered insolvent because of this transfer, and he was indebted to the United States, it was designed to defraud or to hinder the United States, a creditor.

The complaint makes a similar allegation with regard to real property owned by Thomas and Arlene Carney, as tenants by the entirety, located at 44 Hewlett Point Avenue, East Rockaway, New York ("44 Hewlett parcel"). With regard to the 44 Hewlett parcel, it is alleged that on August 1, 1978, Thomas deeded all of his rights in this property to Arlene for less than fair and adequate consideration and that the purpose of this conveyance was also to defraud or hinder the United States, a creditor of Thomas Carney, Jr. This transfer was also recorded on August 1, 1978. After the two transactions took place, the complaint alleges that Arlene Carney mortgaged the two properties thereby damaging the government's interests in the two parcels of land. The government now seeks to reduce the assessments to judgment, to set aside the two conveyances and to foreclose on the tax liens filed on the two parcels.

## DISCUSSION

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), may not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). For purposes of such a motion, the allegations must be construed generously and all inferences drawn in favor of the pleader. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989).

### A. Statute of Limitations

Initially, this Court must determine whether the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001–3308, applies to this action. The effective date of the FDCPA is May 29, 1991, however, the FDCPA applies to actions "pending on the effective date of this Act" on a claim for a debt. Crime Control Act of 1990, P.L. No. 101–647, § 3631(b)(1)(A), 104 Stat. 4789, 4966. "Debt" is defined as "an amount owing to the United States on account of a[n] ... assessment." 28 U.S.C. § 3002(3)(B). Since this action was pending at the time the FDCPA became effective and this action involves the government's attempt to recover on an assessment, it would appear that the FDCPA applies to this action. The government, however, argues that the FDCPA does not apply, while the Carneys argue that it does govern this action.

The government argues that when Congress passed the FDCPA, it did not intend to restrict the government's ability to collect tax liabilities under available State law provisions. In support of its argument, the government cites 28 U.S.C. § 3003(b)(1) which states:

This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law to collect taxes or to collect any other amount collectible in the same manner as a tax.

According to the government, since this action is one "to collect taxes," the government may utilize State law remedies and is

not forced to proceed under the provisions of the FDCPA. In this case, the government seeks to set aside the conveyances on the theory that they were fraudulent as defined in New York's Debtor and Creditor Law, §§ 270 et seq. While New York's Debtor and Creditor Law does have a statute of limitations, the government argues that under *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), the government is not bound by State statutes of limitations and therefore, this action is timely.

The Carneys argue that the action against Arlene Carney individually and the action to set aside the allegedly fraudulent conveyances must be dismissed because this action is time barred under the FDCPA. The Carneys argue that the government must proceed under the FDCPA because of the language contained in 28 U.S.C. § 3003(d), which states "this chapter shall preempt State law to the extent such law is inconsistent with a provision of this chapter." The Carneys argue that in this case there is an inconsistency between State law and the FDCPA. The inconsistency develops, the Carneys assert, because once the government elects to proceed under State law, the rule in *Summerlin* applies and the government is not bound by a State statute of limitations while if this action falls under the FDCPA, the government would be bound by the FDCPA's statute of limitations. This inconsistency, as stated in § 3003(d), means that recovery under New York's Debtor and Creditor law is preempted and the government must proceed under the FDCPA.

Furthermore, the Carneys argue that the legislative history states that the FDCPA was designed "to create a comprehensive statutory framework for the collection of debts owed to the United States government." H.R.Rep. No. 101–736, 101st Cong. 2d Sess., (hereinafter "House Report"), reprinted in 1990 U.S.Code Cong. & Admin.News 6472, 6631. Therefore, since the FDCPA is designed to cover the collection of debts owed to the government, the Carneys argue that the government cannot ignore this federal law and utilize State law remedies whenever it chooses. The Carneys' also argue that once the FDCPA is applied to this action, it must be dismissed as time barred.

We are unpersuaded by the Carneys' arguments in support of the application of the FDCPA to this action. While the purpose of the FDCPA is "to create a comprehensive statutory framework," *id.,* Congress did carve out a number of areas to which the FDCPA does not apply. For example, the FDCPA does not apply to the collection of fines, penalties, assessments, restitutions or forfeitures in connection with criminal proceedings. *See* 28 U.S.C. § 3003(b)(2). A number of other exceptions to the broad application of the FDCPA were created, *see* 28 U.S.C. § 3003(b) & (c), and with regard to the collection of taxes, Congress expressly indicated that the government's remedies were not to be curtailed. *See* 28 U.S.C. § 3003(b)(1). As the House Report states section 3003 "make[s] clear ... that the United States retains its authority under other law to collect taxes." House Report, at 6637. In the field of tax collection, Congress clearly intended that the government retain its option to proceed under federal or State law. Accordingly, this Court finds that the FDCPA does not apply to this action and the government is free to proceed under the provisions of New York's Debtor and Creditor Law.

■ Since the government is proceeding under State law, the government is not bound by the applicable State statute of limitations.[1] *See Summerlin,* 310 U.S. at 418, 60 S.Ct. at 1021; *United States v. Wurdemann,* 663 F.2d 50, 51 (8th Cir.1981) (per curiam); *United States v. Fernon,* 640 F.2d 609, 612 (5th Cir.1981); *United States v. Podell,* 572 F.2d 31, 35 n. 7 (2d Cir.1978); *United States v. Zue,* 704 F.Supp. 535, 537 (D.Vt.1988). In this action, the government is bound by the statute of limitations contained in the Internal Revenue Code, 26

---

1. Under New York law, the statute of limitations in an action to set aside fraudulent conveyances is six years. *See* CPLR § 213; *Dolmet-*

*ta v. Uintah Nat'l Corp.,* 712 F.2d 15, 20 (2d Cir.1983).

U.S.C. § 6502(a)(1), which states that an action to collect taxes must be commenced within 6 years after assessment of the tax. In this case, the assessments were filed on September 10, 1984 and this action was commenced on September 9, 1990. Therefore, based upon the preceding analysis, the government's action is not time barred and defendants' motion to dismiss must be denied.[2]

### B. Service of Process

■ The Carneys also argue that this action should be dismissed because the summons served on them was deficient because it did not state the time period for appearing and defending an action as required by Rule 4. Based upon this defect, the Carneys argue that this Court does not have personal jurisdiction over them, mandating dismissal of this action. The government argues that defendants were not prejudiced by this omission and the fact that defendants' counsel asked for and received an extension of time in which to answer indicates there was no prejudice to the Carneys.

The Carneys were served with a summons that contained the language stating that they must serve an answer "within _____ days after service if thus summons upon you, exclusive of the day of service." The government inadvertently omitted from the summons the number of days in which an answer was due, although Rule 4(b) requires this information. Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984); *see also Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 901 (11th Cir.1990) (upholding entry of default judgment when summons served on party omitted answering time because party was not "prejudiced by the defect in the process"). Furthermore, "a summons specifying an incorrect time for the submission of an answer normally should be deemed cured by defendant's responding to it and filing an answer." 4A C. Wright & A. Miller, *Federal Practice & Procedure: Civil 2d,* § 1088, at 31–32 (1987).

In this case, defendants were personally served with the summons and complaint. Defendants may not claim that they were prejudiced in any manner by the government's omission of the answering time since defendants' counsel, in an indication that defendants' counsel consulted the Federal Rules of Civil Procedure, received an extension of time in which to answer and an answer was filed within this extended answering period. Furthermore, the time in which to answer a complaint is readily ascertainable from the Federal Rules of Civil Procedure. *See* Fed.R.Civ.Pro. 12(a). Here, since the summons was in substantial compliance with Rule 4 and the defect did not prejudice the Carneys, this Court has personal jurisdiction over defendants. Accordingly, defendants' motion to dismiss, based on a lack of personal jurisdiction, must be denied.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss must be denied.

SO ORDERED.

---

2. Since this Court has determined that the government may proceed under State law, this Court will not reach the issue of whether the government's action is time barred if the FDCPA did preempt a State law remedy.