**UNITED STATES of America, Plaintiff,**

v.

**Carolyn E. SMITH, Defendant.**

**Civ. A. No. 92–0615–T–S.**

United States District Court,
S.D. Alabama, S.D.

Oct. 15, 1992.

J.B. Sessions, III, U.S. Atty., Eugene A. Seidel, Asst. U.S. Atty., Mobile, AL, for plaintiff.

Christopher Knight, Mobile, AL, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

DANIEL HOLCOMBE THOMAS, District Judge.

### I. FINDINGS OF FACT

1. The statement of Sue Weston establishes that between 1971–1975, the defendant borrowed the sum of $5,232.00 and executed promissory notes in that amount.

2. The loans were guaranteed by the U.S. Department of Education under Title IV–B of the Higher Educational Act of 1965. *Id.* On or before March 1, 1980, the defendant ceased being a half-time student. *Id.* Demand for payment was made according to the terms of the notes, but the defendant defaulted on them. *Id.*

3. The Department paid a claim in the amount of $5,374.24 under its guaranty and the holders assigned all rights and title to the U.S. Department of Education pursuant to 20. U.S.C. § 1080 on October 31, 1981. *Id.*

4. Since assignment of the loans, the Department has received payments of $5,180.01. *Id.* Said amount includes collection through tax refund set-offs. The current balance is $3,824.82 (includes unpaid principal and accrued interest through August 21, 1992).

5. Exhibits B, C, D, E and F to Sue Weston's statement are true and correct copies of the notes executed by the Defendant to secure the above discussed educational loans.

### II. CONCLUSIONS OF LAW

1. There is no real dispute regarding the fact that the defendant gave her note in five instances in order to obtain student loans and that her indebtedness on them as of August 21, 1992, is $3,824.82. There are only two defenses asserted by the defendant. First, she claims she is entitled to credit for offsets obtained by withholding federal tax refunds. That is correct, however, she has already been given credit for those refunds, and that is reflected in the current balance. The second defense is that this action is barred by the statute of limitations.

2. There is no longer a statute of limitation on student loans, and none has existed since April, 1991. Section 3 of the Higher Education Technical Amendments Act, P.L. 102–26, enacted April 9, 1991, eliminated any statute of limitations that applied to suits brought to collect Edu-

648

cation-financed student loans. Section 484A(a) of the HEA, 20 U.S.C. § 1091a(a). Prior to this amendment, the limitation period for suits to collect student loans made or guaranteed under Title IV of the HEA was six years commencing from the date the government paid a guaranty claim for FISLs, *See U.S. v. Bellard,* 674 F.2d 330 (5th Cir.1982), or six years from the date the loan was assigned to the Department for other guaranteed loans and for Perkins/NDSLs. § 484A(a)(4) of the HEA, 20 U.S.C. § 1091a(a)(4) (1990; since amended by P.L. 102–26, *supra*). *U.S. v. Menatos,* 925 F.2d 333 (9th Cir.1991). The new law amends Section 484A to expressly abrogate these prior limitations for each of these kinds of loans. The amendment provides that litigation may be commenced, a judgment enforced, or a garnishment or offset action taken by the Federal government to collect defaulted loans regardless of any Federal or state statutes of limitation that might otherwise have applied to these collection actions.

 3. The law expressly states that this new authority applies to pending cases and to any actions brought before November 15, 1992. P.S. 102–26, § 3(c). The amendment therefore empowers the government to collect loans time-barred under other limitations provisions that previously applied. This resuscitative legislation is not an unusual action, and the courts have clearly recognized that Congress has the power to revive a time-barred claim held by the government. Statutes of limitations are procedural rules, and can be established, modified, enlarged or eliminated by the jurisdiction under which a debt is enforced without violating a defendant's constitutional or statutory rights. *See U.S. v. Hunter,* 700 F.Supp. 26, 27 (M.D.Fla.1988), *citing Chase Securities Corporation v. Donaldson,* 325 U.S. 304, 311–312, 65 S.Ct. 1137, 1141, 89 L.Ed. 1628 (1945); *Davis v. Valley Distributing Co.,* 522 F.2d 827, 830 n. 7 (9th Cir.1975), *cert. denied,* 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977); *Osmundsen v. Todd Pacific Shipyard,* 755 F.2d 730, 733 (9th Cir.1985). In particular, the courts have already recognized this Congressional prerogative with regard to

the prior version of § 484A(a) of the HEA, enacted in 1986 by P.L. 99–272, which itself revived previously stale student loan claims. *See U.S. v. Menatos,* 925 F.2d at 335, n. 2 (9th Cir.1991).

4. Because there are no disputes as to any material fact and the United States is entitled to summary judgment as a matter of law, the Government's Motion is due to be granted.

### III. ORDER

It is hereby ORDERED that the Government's Motion for Summary Judgment be GRANTED and that a judgment be entered in the amount of $3,824.82, plus prejudgment interest from August 21, 1992 to the date of the judgment plus judgment interest, plus costs, fees and a surcharge of 10% of the total amount of the debt pursuant to 28 U.S.C. § 3011.