UNITED STATES of America, Appellee,

v.

Patsy Ann HODGES, Appellant.

No. 93–2449.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1993.

Decided July 15, 1993.

Patsy Ann Hodges, appeared pro se.

Madeline B. Cole, St. Louis, MO, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Patsy Ann Hodges appeals from the district court's [1] order granting the government summary judgment in its action to recover a student loan debt.

The material facts are not in dispute. In 1969, Hodges defaulted on her student loans; in 1983, the creditor transferred the defaulted loans to the United States Department of Education; and in 1992, the government sued Hodges.

After Hodges filed a pro se answer admitting the loan and the failure to pay, the government moved for summary judgment. Noting that a six-year statute of limitations was in effect until 1991, the government argued that the 1991 amendment to the Higher Education Act abrogating the six-year statute of limitations applied retroactively and

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

revived old claims. Hodges filed no opposition. The district court agreed that the government's 'collection' action was revived by the 1991 amendment and granted the motion.

The Higher Education Technical Amendments of 1991 eliminated the six-year statute of limitations for student loan collections in 20 U.S.C. § 1091a(a) (Supp.1991). Section 1091a(a)(2) now reads, in pertinent part:

> Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be .filed, a judgment may be enforced, or. an offset, garnishment, or other action initiated or. taken ... for repayment of the amount due from a borrower on a loan made under this chapter.

The amendment further provided that it would apply to any actions on defaulted loans pending on or after the date of enactment (April 9, 1991) that were brought before November 15, 1992. The instant action was brought in July 1992.

The Supreme Court held in *Campbell v. Holt*, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885), that the repeal of a statute of limitation on personal debts does not deprive a debtor of property in violation of the Fourteenth Amendment. Courts faced with suits to recover unpaid student loans that were defaulted on prior .to April 1985 have held that these expired actions revived under the 1991 amendment and, relying on *Campbell*, that the revival was not unconstitutional. *See United States v. Keil*, 1993 WL 69490 (N.D.Ca.1993) (1991 amendment applied to government's 1992 action for collection of defaulted student loans assigned in 1978); *United States v. Walker*, 795 F.Supp. 1073 (N.D.Ok.1992) (1991 amendment applied to 1991 collection action for defaulted loan assigned in.1984); *United States v. Daley*, 1992 WL 106799 (E.D.Wa.1992) (1991 amendment applied to 1991 collection action for defaulted loans assigned in 1983 and 1986). A fourteenth-amendment violation might occur if the abrogation of the statute of limitations had worked "special hardships or oppressive

effects" in this case. *See Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1944). Hodges, however, made no allegation of hardship.

Therefore, we affirm.