UNITED STATES of America, Plaintiff,

v.

Ross P. UPTON, Amelia A. Upton, and
James D. Upton, Defendants.

Civil No. 3:92CV524 (AWT).

United States District Court,
D. Connecticut.

March 19, 1997.

John V. Cardone, U.S. Dept. of Justice, Washington, DC, John B. Hughes, U.S. Attorney's Office, New Haven, CT, Keith V. Morgan, U.S. Dept. of Justice, Washington, DC, for Plaintiff.

Amelia A. Upton, Ross P. Upton, Watertown, CT, James D. Upton, Goshen, CT, pro se.

## MEMORANDUM OF DECISION

THOMPSON, District Judge.

Plaintiff United States of America moves for partial summary judgment seeking a judgment against defendant Ross P. Upton in the amount of $146,226.69, plus statutory additions from January 23, 1989, for federal income tax liabilities for the tax years 1980, 1981, and 1982. The defendants also move for summary judgment. For the reasons set forth below, the plaintiff's motion should be granted and the defendants' motion should be denied.

## BACKGROUND

Defendant Ross P. Upton ("Upton") resides in Watertown, Connecticut. During the years 1980, 1981, and 1982, Upton did business as Upton Products Company. Upton Products Company designed and built special machinery for manufacturing. Upton Products Company was not a corporation or partnership and did not file separate tax returns. In addition, Upton did not file fed-

eral income tax returns for 1980, 1981, and 1982.

On January 23, 1989, a delegate of the Secretary of the Treasury made assessments against Upton for unpaid federal income taxes, interest, and penalties, for the tax years 1980, 1981, and 1982. The total of these assessments was $146,226.69. A delegate of the Secretary of the Treasury issued notices of these assessments and made demands for payment. Upton refused or neglected to pay the assessed liabilities and remains indebted to the United States for the total amount of $146.226.69, plus statutory additions from the date of assessment. The Government now moves for partial summary judgment against Upton with regard to this income tax liability. The Government does not seek summary judgment on its fraudulent conveyance claims.

## DISCUSSION

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits .... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is

a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980).

■ The court addresses first the defendants' motion for summary judgment. The defendants argue that Connecticut's three-year statute of limitations applies to the Government's fraudulent conveyance claims. The court previously ruled on this issue in the "Ruling on Pending Motions" dated December 28, 1993 (Document # 23) The Connecticut three-year statute of limitations for setting aside fraudulent transfers is not applicable to a suit by the United States to recover the value of allegedly fraudulently conveyed property in partial satisfaction of outstanding tax deficiencies. *See United States v. Fernon,* 640 F.2d 609, 612 (5th Cir.1981).

■ The defendants also argue that the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001–3009, bars the plaintiff's claims. As the defendants recognized in their brief, other district courts in this circuit have held that the FDCPA is not the exclusive judicial means by which the United States may collect its taxes. *See United States v. Carney,* 796 F.Supp. 700, 703 (E.D.N.Y.1992); *United States v. Bushlow,* 832 F.Supp. 574, 581 (E.D.N.Y.1993). This court agrees. The FDCPA specifically provides that:

> This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law to collect taxes or to collect any other amount collectible in the same manner as a tax.

28 U.S.C. § 3003(b)(1). Congress clearly intended that the Government retain its option to proceed under other federal or state law. Accordingly, the FDCPA does not apply to this action and the Government is free to proceed under other state or federal law.

The court therefore rejects Upton's claim that the periods of limitations prescribed by the FDCPA bar this action.

The court next addresses the plaintiff's motion. As stated in the court's ruling filed on December 29, 1993, a tax assessment is *prima facie* evidence of liability, *United States v. Lease*, 346 F.2d 696, 698 (2d Cir. 1965), and a certificate of assessment is presumptive proof of a valid assessment. *United States v. Red Stripe, Inc.*, 792 F.Supp. 1338, 1341 (E.D.N.Y.1992). In opposing the Government's claim of tax liability, Upton bears the burden of disproving this liability. *See Burke v. Commissioner*, 929 F.2d 110, 112 (2d Cir.1991).

Upton's primary opposition to this motion is his argument that the Government is not entitled to a presumption of a valid assessment and therefore it has not proven that there are no genuine issues of material fact. Upton alleges defects in the Government's proof contained in IRS Form 4340. Without a valid Form 4340, Upton argues, a valid assessment does not exist and the court must deny this motion. The court disagrees.

First, Upton has failed to cast doubt on the validity of the Government's Form 4340. He acknowledges that the asserted form labeled 4340 "contains information that might be found on a Form 4340," but relying on the Affidavit of Marsden S. Furlow, asserts that Plaintiff's Exhibit A is invalid because the Internal Revenue Service's manual provides that the information on a Form 4340 is handwritten or typed, not computer generated, and Plaintiff's Exhibit A is computer generated. There is no reason why a computer generated IRS form that has been properly authenticated should be found to be invalid, merely because it was produced on a computer, even if the IRS's manual indicates that the information is not computer generated. The provisions of the IRS's manual are directory rather than mandatory, are not codified regulations, and do not have the force and effect of law. *See Pomeroy v. United States*, 864 F.2d 1191, 1194–95 (5th Cir.1989). Upton has not set forth any other reason why one should doubt that this form is a valid IRS form. Upton does not submit what he considers to be a valid Form 4340. Nor does Upton identify any material difference that would exist between Plaintiff's Exhibit A and a Form 4340 that he would consider genuine. In the absence of more, the court rejects the defendants' challenge to the Government's Form 4340, and the court finds that there is no genuine issue of material fact regarding its validity.

Second, the court also rejects Upton's argument that the amounts set forth in the Form 4340 are incorrect. As the Government correctly asserts in its reply memorandum, Upton's dispute regarding these amounts stems from his misunderstanding and/or misreading of the documents. Even if Upton himself legitimately doubts the accuracy of the figures in Form 4340, he has not presented the court with any reason to question these figures.

Again, in opposing the Government's claim of tax liability, Upton bears the burden of disproving this liability. He has failed to meet this burden.

### CONCLUSION

For the foregoing reasons, the United States of America's motion for partial summary judgment (Document # 99) is hereby GRANTED and the defendants' motion for summary judgment (Document 107) is hereby DENIED.

It is so ordered.