**UNITED STATES of America, Plaintiff,**

v.

**Sher A. Sprague McLAUGHLIN a/k/a Sher A. Sprague, Defendant.**

**No. CIV.A. 97–12155–DPW.**

United States District Court,
D.Massachusetts.

June 1, 1998.

Christopher Alberto, U.S. Attorney's Office, Boston, MA, for Plaintiff.

Anthony S. Hartnett, Dover, NH, for Defendant.

*MEMORANDUM AND ORDER*

WOODLOCK, District Judge.

The federal government seeks to collect on a student loan as to which the defendant allegedly defaulted in 1981. The defendant asserts statute of limitations and laches defenses. Finding that Congress has purposefully extended the time within which the government may sue to recover on such loans, I decline to dismiss the case on either ground.

**I. BACKGROUND**

On September 24, 1997, the United States filed this action against Sher A. Sprague McLaughlin seeking to recover alleged debts on student loans. The United States claims that in 1981 Sprague executed a promissory note to secure a federally insured or guaranteed loan, that Sprague defaulted on December 30, 1981, that the loan was assigned to the United States, and that Sprague owes principal in the amount of $2,617.73 and interest, at an annual rate of 9%, which amounted to $3,646.13 as of September 22, 1997. (Compl. ¶ 3 & Ex. A.)

Sprague asserted as affirmative defenses in her answer that the claims are barred by

the statute of limitations and by laches. In a scheduling order issued on March 13, 1998, I directed the defendant to file a dispositive motion on these grounds at the outset. Before me is that motion to dismiss.

## II. STATUTE OF LIMITATIONS

Congress has consistently declined to endorse narrow timeliness limitations on actions to recover defaulted student loans. The Consolidated Omnibus Budget Reconciliation Act of 1985, Pub.L. No. 99–272, 100 Stat. 82 (1986) ("COBRA"), which became effective on April 7, 1986, provided that "[n]otwithstanding any provision of State law that would set an earlier deadline for filing suit," the United States could file suit to recover on defaulted student loans "until 6 years following the date on which the loan [wa]s assigned to the Secretary" of Education. *Id.* § 484A (formerly codified at 20 U.S.C. § 1091a(a)(4)). The Higher Education Technical Amendments of 1991, Pub.L. No. 102–26, 105 Stat. 23 (1991) ("HETA") went even further and eliminated this and other time limitations: "Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken." *Id.* § 3(a) (codified at 20 U.S.C. § 1091a(a)). Moreover, this provision of HETA was made retroactive to April 7, 1986: "The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 . . . ." *Id.* § 3(c).[1]

As a necessary consequence of the express retroactivity clause, actions that had become time-barred after the enactment of COBRA—i.e., between 1986 and 1991—were revived. *See, e.g., United States v. Phillips,* 20 F.3d 1005, 1007 (9th Cir.1994); *United States v. Hodges,* 999 F.2d 341, 341–42 (8th Cir.1993); *United States v. Glockson,* 998 F.2d 896, 896–97 (11th Cir.1993).[2] It is within the power of Congress to enact such revivals because "the repeal of a statute of limitation on personal debts does not deprive a debtor of property in violation of" constitutional due process requirements. *Hodges,* 999 F.2d at 342 (citing *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885)); *accord United States v. Smith,* 862 F.Supp. 257, 261 (D.Haw.1994); *United States v. Smith,* 811 F.Supp. 646, 647 (S.D.Ala.1992). Although the Supreme Court has suggested that due process concerns might be implicated by "special hardships or oppressive effects which result from lifting the bar . . . with retrospective force," *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 316, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), the revival of a previously time-barred action is valid where, as here, the defendant has not alleged or even suggested any such special hardship. *See, e.g., Hodges,* 999 F.2d at 342; *Smith,* 862 F.Supp. at 261 n. 2.

In sum, HETA abolished any pre-existing statute of limitations for this action, and HETA clearly revived this action even if it had been time-barred before the statute's enactment.[3] Consequently, I will strike the statute of limitations defense.

1. The amendments originally applied only to "actions pending on or after the date of enactment of [HETA] that are brought before November 15, 1992." HETA § 3(c). However, the November 15, 1992 "sunset date" was later eliminated. Pub.L. No. 102–325, § 1551, 106 Stat. 448 (1992).

2. Although one court has stated in unpublished dicta that claims time-barred prior to 1986 were not revived by HETA, *United States v. Friedenberg,* 1991 WL 352884, at *2 (E.D.N.Y. Sept.20, 1991), the majority of courts have held that the language and legislative history of HETA demonstrates Congress's intent to revive all time-barred actions. *See, e.g., Glockson,* 998 F.2d at 897; *United States v. Mastrovito,* 830 F.Supp. 1281,

1283–84 (D.Ariz.1993), *aff'd,* 46 F.3d 1147 (9th Cir.1995); *United States v. Davis,* 142 B.R. 293, 295–96 (S.D.Ind.1992). This issue is irrelevant here, however, because under any statute of limitations that might have applied prior to COBRA, an action to recover on the defendant's alleged 1981 default would not have been time-barred before 1986. *See* 28 U.S.C. § 2415 (six-year statute of limitations for contract actions); Mass. Gen.Laws ch. 260, § 2 (same).

3. The United States argues that dismissal would not be appropriate even if a six-year statute of limitations were currently applicable. According to the United States, the Sprague loan was assigned to the Department of Education on March 23, 1993, less than six years before the filing of

## III. LACHES

"[L]aches ordinarily cannot be raised as a defense against the government in an action brought to enforce a public right or protect a public interest." *Texaco Puerto Rico, Inc. v. Department of Consumer Affairs*, 60 F.3d 867, 878 (1st Cir.1995). "While this rule originated with the notion of royal privilege, twentieth century courts attribute it to the policy of preserving public rights and property against the negligence of public officers." *United States v. Robbins*, 819 F.Supp. 672, 676–77 (E.D.Mich.1993); *accord United States v. Davis*, 817 F.Supp. 926, 929 (M.D.Ala.1993), *aff'd*, 17 F.3d 1439 (11th Cir. 1994). "The identical policy has been uniformly stated as the sole reason for the traditional rule which immunized the Federal Government from statutes of limitations." *S.E.R. Jobs for Progress Inc. v. United States*, 759 F.2d 1, 7 (Fed.Cir.1985).

In the context of student loan collection actions brought by the United States, some courts have applied the traditional sovereign immunity doctrine and held that the laches defense is precluded. *See, e.g., United States v. Menatos*, 925 F.2d 333, 335 (9th Cir.1991); *United States v. Robbins*, 819 F.Supp. 672, 677 (E.D.Mich.1993). However, the First Circuit in another context has recognized that other "courts have not construed [sovereign immunity doctrine] as an absolute bar where unreasonable agency delay has caused hardship." *Precious Metals Assocs., Inc. v. Commodity Futures Trading Comm'n*, 620 F.2d 900, 909 (1st Cir.1980); *see also S.E.R.*, 759 F.2d at 6–9 (discussing possible erosion of traditional doctrine); *United States v. Rhodes*, 788 F.Supp. 339, 342–43 (E.D.Mich.1992) (holding that government's student loan collection action was barred by laches where both original lender

and defendant's school had dissolved, and their records as well as those of defendant had been lost, during seventeen-year delay between alleged default and filing of suit); *United States v. Zue*, 704 F.Supp. 535, 537 (D.Vt.1988) (student loan collection action).

In *S.E.R.*, the Federal Circuit relied upon the enactment of an express statute of limitations, codified at 28 U.S.C. § 2415, for breach of contract actions brought by the government. 759 F.2d at 7. According to the court, "the clear purpose of Congress ... was to promote fairness to parties defending against stale Government contract and tort claims notwithstanding whatever prejudice might accrue thereby to the Government as a result of the negligence of its officers." *Id.* at 8. The court concluded that although Congress understandably did not enact a similar laches provision, this rationale applies equally to that defense. *Id.*

■ However, even if 28 U.S.C. § 2415 demonstrates a Congressional intent that the government be subjected to time-related defenses in contract actions generally, "Congress's retroactive elimination of all statutes of limitations for actions to recover defaulted student loans appears to indicate precisely the opposite intent" with respect to that specific type of action. *Davis*, 817 F.Supp. at 929. "That is, by retroactively eliminating all statutes of limitations and reviving claims previously time-barred by statutes of limitations, Congress sought to erase obstacles that the government might encounter in collecting defaulted loans," regardless of fairness to parties defending against stale collection claims. *Id.*[4] In sum, the rationale for relaxing the traditional sovereign immunity rule in certain cases does not support, and in fact directly undermines, the elimination of the rule in student loan collection actions.

this action. Sprague admits that she "has no contrary proof as to whether the assignment may have occurred earlier," and she simply "finds it surprising that the original holder, First National Bank of Maryland, would wait over 11 years to assign the loan to Plaintiff." (Sprague Br. at 3.) In this regard, however, I note that similar time lapses between default and assignment have been present in other cases. *See, e.g., Hodges*, 999 F.2d at 341 (fourteen years); *Jones v. Cavazos*, 889 F.2d 1043, 1044 (11th Cir.1989) (twelve years); *United States v. Walker*, 795 F.Supp.

1073, 1073 (D.Okla.1992) (ten years); *United States v. Zue*, 704 F.Supp. 535, 536 (D.Vt.1988) (eleven years). In any event, I need not reach this issue because, for the reasons stated above, no time limitation applies to this action.

4. I note that *United States v. Zue*, 704 F.Supp. 535 (D.Vt.1988), in which the court held that the government's student loan collection case could be barred by laches, was decided well before Congress's retroactive elimination of the statute of limitations defense.

As noted above, no special hardship has been demonstrated here sufficient to relax the rigor of this general rule. Consequently, laches may not be raised against the United States in this case.

## IV. CONCLUSION

For the reasons set forth more fully above, the motion to dismiss is hereby DENIED.