**UNITED STATES of America, Plaintiff,**

v.

**Kenneth G. DWELLEY, Defendant.**

No. Civ.A. 99–13–B.

United States District Court, D. Maine.

Aug. 3, 1999.

Frederick Emery, AUSA, Office of the U.S. Attorney, Portland, Me, for plaintiff.

Kenneth G. Dwelley, Whiting, Me, pro se.

## ORDER

BRODY, District Judge.

Plaintiff the United States of America ("Plaintiff") has brought suit against Defendant Kenneth G. Dwelley ("Defendant") to recover amounts owed on his student loans. Before the Court is Plaintiff's Motion for Summary Judgment. For the reasons outlined below, the Motion is GRANTED.

### I. SUMMARY JUDGMENT

Summary judgment is appropriate in the absence of a genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under the

applicable law." *Nereida–Gonzalez v. Ti-rado–Delgado,* 990 F.2d 701, 703 (1st Cir. 1993). Facts may be drawn from "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Fed.R.Civ.P. 56(c). For the purposes of summary judgment the Court views the record in the light most favorable to the nonmoving party. *See McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

## II. BACKGROUND

On February 10, 1983 and January 15, 1984, Defendant executed two promissory notes through the Maine Savings Bank, both in the amount of $4,500.00. (Pl.'s Exs. A.1 and A.2.) These notes were guaranteed by United Student Aid Funds, Inc. ("United"), and were reinsured by the Department of Education ("DOE") under loan guaranty programs authorized under Title IV–B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 to 1087–2. (Pl.'s Ex. C.)

The terms of the notes required repayment to commence six months after Defendant ceased carrying at least one-half the normal full-time academic workload at an eligible institution. At some point, these criteria were satisfied and Maine Savings Bank, the holder, demanded payment according to the terms of the notes. Defendant made some payments,[1] but on or about February 5, 1991, he defaulted.[2] (Pl.'s Ex. C.) He requested a deferment, but the request was denied on the grounds that his default precluded deferment under the terms of the notes.

At some point, Maine Savings Bank filed a claim on the guaranty, and United paid Maine Savings Bank the outstanding loan balance. (Pl.'s Ex. C.) At that time, the notes were assigned to United. On May 14, 1997, after unsuccessful collection efforts by United, the notes were assigned to the DOE. The DOE demanded payment, but Defendant did not pay. The DOE then forwarded its claim to the Department of Justice for litigation.

As of October 12, 1998, Defendant is indebted to the DOE in the amount of $5,764.77 in principal and $2,658.62 in interest, for a total amount of $8,423.39. Interest has accrued since October 12, 1998, at the rate of 7.00% per annum. (Pl.'s Ex. B.)

Plaintiff seeks judgment in the form of the $8,423.39 principal and interest owed through October 12, 1998; pre-judgment interest dating from October 12, 1998 through the date of judgment at the rate of 7.00% per annum; the $150.00 filing fee mandated by 28 U.S.C. § 1914(a); and any other relief the Court deems appropriate. It further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until it is paid in full.

Plaintiff's Motion for Summary Judgment was filed on June 8, 1999. Defendant's Response was due on June 25, 1999. Defendant, who is proceeding pro se, did not submit a Response until August 2, 1999, just as the Court was preparing to docket this Order. Under the circumstances, according to Local Rule 7(b), Defendant has waived any objection to Plaintiff's Motion for Summary Judgment. The Court will, however, briefly address the affirmative defenses raised in Defendant's Answer in addition to the arguments raised by Defendant's untimely Response.

## III. DISCUSSION

### A. The Answer

In his Answer, Defendant asserts nine affirmative defenses, each of which fail.

---

1. Maine Savings Bank received $3,636.39.00 from Defendant and credited that amount to the principal owed on the loan. (Pl.'s Ex. C.) Defendant has produced no evidence indicating that he paid off more than $3,636.39.00 in principal prior to his default. He merely states that before defaulting, he had paid off approximately half of his loan obligation.

2. Defendant explains that he defaulted after being seriously injured in an automobile accident in September 1990.

### 1. Failure to State a Claim

Defendant's contention that Plaintiff's Complaint fails to state a claim upon which relief can be granted is specious. The Complaint clearly states a claim.

### 2. Lack of Subject Matter Jurisdiction

Contrary to Defendant's assertion, the Court has subject matter jurisdiction over this action because the United States is the plaintiff. *See* 28 U.S.C. § 1345 (1994).

### 3. Constitutional Violation

■ In his third affirmative defense, Defendant appears to argue that Plaintiff's claim is barred by the Fifth and Fourteenth Amendment of the Constitution since requiring him to repay his loans would constitute a deprivation of property without due process and a taking without just compensation. This defense fails as a matter of law for reasons tó numerous too detail.

### 4. Statute of Limitations

■ Defendant's position that Plaintiff's claim is barred by a six-year statute of limitations governing breach of contract actions is in error. There is no statute of limitations applicable to the federal government's collection of student loans. *See* 20 U.S.C. § 1091a(a) (1994); *see also United States v. Smith*, 811 F.Supp. 646, 647–48 (S.D.Ala.1992) (discussing elimination of statute of limitations by virtue of Higher Education Technical Amendments Act of 1991).

### 5. Laches

■ Although the federal government may, in certain circumstances, be subject to the defense of laches in the context of student loan collection, *see United States v. Rhodes*, 788 F.Supp. 339, 342–43 (E.D.Mich.1992) (holding seventeen year delay in collection effort caused material prejudice to defendant because relevant records were no longer accessible and therefore laches barred claim), this defense fails in this case because there is no indication that Defendant has been materially prejudiced by the delay here. *See United States v. McLaughlin*, 7 F.Supp.2d 90, 92–93 (finding no evidence of "special hardship" to support laches defense in student loan collection action); *United States v. Davis*, 817 F.Supp. 926, 930 (M.D.Ala. 1993) (finding laches did not bar student loan collection action because defendant was not materially prejudiced by delay).

### 6 and 7. Due Process and Equal Protection Violations

■ Defendant argues that 20 U.S.C. § 1091a(a)(2), which eliminates a statute of limitations in student loan collection actions like this one, violates the Fourteenth Amendment guarantees of due process and equal protection, presumably because it applies retroactively. In support of this claim, he alleges that elimination of the statute of limitations "has worked a special hardship and has had an oppressive effect on [him] under the circumstances of this case." (Def.'s Answer at 2.) He has not produced on summary judgment, however, any evidence of special hardship or oppressive effect in his case. Therefore, these defenses fail. *See McLaughlin*, 7 F.Supp.2d at 91 (denying student borrower's motion to dismiss based on absence of allegation of special hardship, among other considerations).

### 8. Contract

■ Defendant asserts that Plaintiff's claim is defeated by the terms of the promissory notes, Paragraph VIII of which provides for a deferment option. This deferment provision, however, clearly states that a debtor may be considered for deferment only if he is not in default. (Pl.'s Exs. A.1 and A.2.) Since Defendant has been in default since February of 1991, he cannot enjoy the benefit of the deferment option under the terms of the note.

## 9. Ex Post Facto Violation

■ Defendant claims that 20 U.S.C. § 1091a(a)(2) violates the Ex Post Facto clause because it applies retroactively. His invocation of the Ex Post Facto clause in this case is inappropriate because that prohibition applies only to criminal or penal measures that are applied retroactively.

## B. The Response

A liberal reading of Defendant's Response reveals essentially two arguments. First, he asserts that the DOE did not exercise due diligence in its collection efforts as required by 20 U.S.C. § 1080(a)–(d) and related regulations.[3] These provisions set forth a number of conditions that must be satisfied by a lender before it may tender a claim to the United States for payment. The issue of whether a student debtor may invoke the lender's due diligence obligations against the federal government on his or her own behalf is a question of first impression in this Circuit. The weight of authority from other jurisdictions, however, indicates that these provisions are in place solely to govern the relationship between insured lenders and the United States and therefore do not enable a cause of action for student borrowers. *See United States v. Singer,* 943 F.Supp. 9, 12 (D.D.C.1996), *aff'd in part, rev'd in part on other grounds,* 132 F.3d 1482 (D.C.Cir.1997) ("The statute and regulations do not, however, give the borrower any basis for avoiding his debt based on the failure of the lender to properly service the loans"); *United States v. Smith,* 862 F.Supp. 257, 261 (D.Haw.1994) ("The due diligence statutes exist for the government's benefit, to ensure that the lender seeks recovery from the borrower before the lender makes a claim against the insurance. . . . [T]he borrower does not have the right to void his debt simply because he is now dissatisfied with the lender's collection

efforts."); *Phillips v. Pennsylvania Higher Educ. Assistance Agency,* 497 F.Supp. 712, 723 (W.D.Pa.1980), *rev'd on other grounds,* 657 F.2d 554 (3rd Cir.1981) ("It would be anomalous to hold that a provision enacted for the benefit of the federal government creates a private cause of action for defaulting students.").

Only the Eastern District of Michigan has analyzed, on the merits, a student debtor's claim that the government has failed to exercise due diligence in its collection efforts. *See United States v. Robbins,* 819 F.Supp. 672, 679 (E.D.Mich.1993) (holding that sending only four letters to student as collection effort did not constitute lack of diligence); *United States v. Rhodes,* 788 F.Supp. 339, 343 (E.D.Mich. 1992) (granting student debtor's motion for summary judgment because, among other things, government failed to produce evidence of lender's collection efforts). In neither of these cases was the appropriateness of such a defense or cause of action analyzed.

■ In light of the authority outlined above, the Court is persuaded that Defendant may not defeat Plaintiff's claim based on asserted lack of due diligence.

■ Second, Defendant argues that he was entitled to a forbearance under 20 U.S.C. § 1080(c). Section 1080(c) is situated within provisions relating to default and reads:

> Nothing in this section or in this part shall be construed to preclude any forbearance for the benefit of the student borrower which may be agreed upon by the parties to the insured loan and approved by the Secretary, or to preclude forbearance by the Secretary in the enforcement of the insured obligation after payment on that insurance. Any forbearance which is approved by the Secretary under this subsection with respect to the repayment of a loan, including a forbearance during default, shall not be considered as indicating that a

---

**3.** Although Defendant identifies the DOE as the delinquent party, the Court presumes he is referring to United, which held the note

from some point after Defendant's default through May 14, 1997, when it was assigned to Education.

holder of a federally insured loan has failed to exercise reasonable care and due diligence in the collection of the loan.

20 U.S.C. § 1080(c) (1994). Nothing in this provision indicates that Defendant, or any student borrower, is entitled to a forbearance. Rather, it merely states that forbearance may be available under the circumstances specified—none of which apply in this case—and discusses the relevance of any forbearance to the evaluation of a holder's due diligence. Therefore, Defendant's second position is also without merit.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment is GRANTED. Judgment is ordered for Plaintiff in the amount of (i) $8,423.39 in principal and interest owed through October 12, 1998, (ii) pre-judgment interest dating from October 12, 1998 through the date of judgment at the rate of 7.00% per annum, and (iii) the $150.00 filing fee mandated by 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1961, interest on the judgment shall accrue at the legal rate until it is paid in full.

*SO ORDERED.*