UNITED STATES of America,
Plaintiff–Appellee,

v.

Stella MENATOS, Defendant–Appellant.

No. 89–55612.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1990.

Decided Feb. 5, 1991.

Lawrence Teeter, Los Angeles, Cal., for defendant-appellant.

Harold Jenkins, U.S. Dept. of Educ., Washington, D.C., and Hugh W. Blanchard,

---

Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, PREGERSON and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Stella Menatos appeals from the district court's grant of summary judgment in favor of the United States in its action to collect defaulted National Direct Student Loans ("NDSLs"). Menatos contends the action is time-barred under federal law. In the alternative, Menatos claims the action is barred by the doctrine of laches. We affirm.

## FACTS AND PROCEEDINGS

Between February 1, 1966, and October 4, 1973, Menatos, a student at the University of California at Los Angeles ("UCLA"), executed and delivered fourteen promissory notes to UCLA for loans totalling $7,403.00 under the National Defense and National Direct Student Loan programs, now known as the Perkins Loan Program, authorized by Title IV–E of the Higher Education Act of 1965 ("HEA"), as amended, 20 U.S.C. §§ 1087aa–1087hh. The terms of these notes required repayment beginning nine months after a student ceased carrying at least one-half of the normal full-time academic workload at an eligible institution. On July 1, 1977, Menatos ceased carrying at least one-half the normal full-time workload at UCLA. However, she commenced graduate studies at UCLA in September of 1977 and repayment of the loans was deferred.[1] Menatos ended her graduate studies at UCLA on September 22, 1980.

Menatos' NDSLs came due on October 1, 1981, and she defaulted. UCLA made several attempts to collect, including correspondence with Menatos and referral to collection agencies. All attempts proved

unsuccessful. Therefore, on January 7, 1987, UCLA assigned Menatos' defaulted NDSLs to the Department of Education pursuant to 20 U.S.C. § 1087cc(a)(5).

On September 16, 1988, the United States filed this action to collect the defaulted NDSLs. Both parties moved for summary judgment. The district court entered summary judgment in favor of the United States, holding that Menatos had defaulted on her student loan notes and that the action was not time-barred. Menatos timely appeals.

## DISCUSSION

### I. Statute of Limitations

Menatos contends the action by the United States is time-barred under federal law. 28 U.S.C. § 2415(a) provides for a six-year statute of limitation period within which any contract action for money damages may be brought by the United States. Menatos maintains that because the United States' action was filed on September 16, 1988, more than six years after her default, the action against her is untimely under terms of this statute.

In response, the United States asserts that at the time its action was filed, the statute of limitation governing federal actions on assigned student loans made under Title IV, Part E of the HEA, was found in section 484A(a)(4)(C) of the HEA. That section provides in pertinent part:

(a) In General

Notwithstanding any provision of State law that would set an earlier deadline for filing suit—

. . . .

(4) subject to the provisions of section 2416 of Title 28 [of the United States Code], the Attorney General may file suit—

. . . . (C) for collection of the amount due from a borrower on a loan made under part D *until 6 years following the date on which the loan is assigned, transferred, or referred to*

---

1. Although the United States originally implied that its claim first accrued on July 1, 1977, it presented evidence in its opposition to Menatos' motion for summary judgment that the NDSLs payments had in fact been deferred and that the loans did not actually come due until 1981.

*the Secretary under Part D of this subchapter.*

20 U.S.C. § 1091a(a)(4)(C) (1990) (emphasis added). Hence, the United States claims that the plain meaning of the amended statute dictates that its action was timely.

■ We agree with the United States. In essence, Menatos argues that the six-year limitation period in 28 U.S.C. § 2415(a) runs regardless of when a student loan is assigned to the United States. If so, the statute of limitation would serve as a bar to a claim by the United States before it had a claim. We reject such an argument. Under the plain meaning of section 484A(a)(4)(C) of the HEA, the United States has six years from the date on which the delinquent debt is assigned to the Department of Education to bring its action irrespective of any prior elapsed time. *Grider v. Cavazos,* 911 F.2d 1158, 1160 (5th Cir. 1990); *Jones v. Cavazos,* 889 F.2d 1043, 1049 (11th ·Cir.1989). *See also FDIC v. Former Officers & Directors of Metropolitan Bank,* 884 F.2d 1304, 1309 (9th Cir. 1989) (limitation period under section 2415(a) commences upon the acquisition of an FDIC claim by the federal government), *cert. denied,* ── U.S. ──, 110 S.Ct. 3215, 110 L.Ed.2d 662 (1990). Accordingly, we find the action against Menatos to be timely under federal law because it was filed within six years from January 7, 1987, the date on which the loans were assigned to the Secretary.[2]

## II. *Doctrine of Laches*

■ Menatos also maintains the action by the United States is barred by the doctrine of laches because UCLA and the Department of Education "slept on this matter." This argument is meritless. The government is not subject to the defense of laches when enforcing its rights. *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940);

*United States v. McLeod,* 721 F.2d 282, 285 (9th Cir.1983).

AFFIRMED.

---

2. Nor is the argument that the United States' claim was already barred under California's four-year state statute of limitation when it was assigned to the United States availing to Mena-tos. This argument fails for the same reason as the first: the statute, 20 U.S.C. § 1091a(a)(4)(C), explicitly revives the action.