UNITED STATES of America, Plaintiff,

v.

**George J. WALL, Defendant.**

**Civ. No. 91–1266–BE.**

United States District Court,
D. Oregon.

June 23, 1992.

---

Charles H. Turner, U.S. Atty., D. of Or., Riley J. Atkins, Asst. U.S. Atty., Portland, Or., for plaintiff.

Danny H. Gerlt, Portland, Or., for defendant.

## OPINION

BELLONI, District Judge.

This is an action by the United States to recover on four federally insured student loans made to defendant George J. Wall. Wall moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that the complaint is time barred.

## BACKGROUND

Crocker National Bank in San Francisco, California made four federally insured student loans to Wall during the period from 1977 through 1979. At that time, Wall was attending law school in an eligible institution. Wall was scheduled to begin repayment of the loans on or about February 11, 1981, nine months after he graduated from law school on May 17, 1980. The principal amount of the loans is $14,000.00, plus accrued interest in excess of $10,000.00.

Wall made no payments on the loans. In 1980, Crocker National Bank made a guarantee claim against the Department of Education as a result of Wall's default, and this claim was paid by the United States as the surety for the loans. In September or November, 1981, (the exact date is irrelevant to this decision) Crocker National Bank assigned all of its rights and entitlement to the loans to the United States. The United States made some collection efforts, including assignment to two collection agencies, but no payments have been made by Wall. The United States filed the complaint in this action on December 9, 1991.

## DISCUSSION

Wall now moves to dismiss the complaint on the grounds that it is time barred. The United States concedes that the complaint would have been barred under the statute of limitations in effect prior to July 1, 1991, but contends that the complaint is timely under the Higher Education Technical Amendments of 1991 (HETA), P.L. 102–26, 105 Stat. 123 (April 9, 1991). Wall contends that Congress did not intend HETA to apply retroactively in the present case.

Prior to the amendments of 1991, the limitations period for suits to collect student loans was six years commencing from the date the government paid a guarantee claim on a federal insured student loan, or six years from the date the loan was assigned to the Department of Education. *United States v. Menatos*, 925 F.2d 333 (9th Cir.1991); *United States v. Bellard*, 674 F.2d 330 (5th Cir.1982). Both of these dates are long past in this case. The loans in this case were assigned to the Department of Education in September or November, 1981. The United States paid Crocker National Bank's guarantee claim on or before the date of the assignment. Therefore, under the prior law, the statute of limitations would have expired, at the latest, in November, 1987. However, the HETA of 1991 eliminated the statute of limitations for student loan collections. Section 484A(a) of the Higher Education Act of 1965, as amended by § 3 of P.L. 102–26, 20 U.S.C. § 1091a(a), provides, in pertinent part:

(a) IN GENERAL

(1) It is the purpose of this subsection to ensure that obligations to repay loans ... are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

(2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by—

\*    \*    \*    \*    \*    \*

(D) the Secretary, the Attorney General, or the administrative head of another Federal agency, as the case may be ... for the repayment of the amount due from a borrower on a loan made under this subchapter ... that has been assigned to the Secretary under this subchapter.

With respect to the effective date, Congress stated: "The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99–272), and shall apply to any actions pending on or after the date of enactment of the Higher Education Technical Amendments of 1991 that are brought before November 15, 1992." P.L. 102–26, Section 3(c).

Wall concedes that Congress has the power to extend a statute of limitations, even if the prior limitation period has lapsed before the extension. Wall also concedes that the HETA of 1991 removed any statute of limitations for student loans. However, Wall argues that 20 U.S.C. § 1091a(c) should not be construed to apply retroactively to claims that were time barred when the amendments became effective. Wall relies on the language in section 3(c) of HETA which states that the amendments shall apply "to any actions pending on or after the date of enactment of the Higher Education Technical Amendments of 1991 that are brought before November 15, 1992." [1] Wall contends that an action filed after the enactment date of HETA is not "pending" within the above language, and that such actions should be excluded from the coverage of HETA.

The United States contends that Wall's interpretation of section 3(c) is unduly narrow, and contrary to both the plain meaning of the statutory language and the legislative history of HETA. The parties have not cited, and I have been unable to locate, any decision relating to HETA. Therefore, this is a case of first impression.

In interpreting the meaning of a statute, the courts look first to the plain meaning of the statutory language. *United States v. Menatos, supra,* 925 F.2d 333. In this case, Wall focuses on only part of the language of section 3(c), the reference to actions pending *on* the effective date of HETA (July 1, 1991). However, section 3(c) does not refer only to actions pending on the effective date of HETA, but to actions "pending on or after" the effective date.

Under Wall's interpretation, HETA would abolish the statute of limitations only as to actions which were filed before July 1, 1991, or which became untimely after July 1, 1991. This interpretation would create an irrational distinction between types of claims which were already time barred under the prior law, based only on the happenstance of whether an action had been filed or not. Indeed, such an interpretation would reward the United States for filing actions which were time barred when they were filed. A more reasonable interpretation is that Congress intended HETA to apply to any action, whether currently pending or not, so long as it is filed before the sunset date of the Higher Education Act.

Since this is not the only possible interpretation of the statutory language, although I find it is the most reasonable interpretation, I will go on to consider the legislative history of HETA. During the debate on HETA in the House of Representatives, Congressman William F. Goodling, a member of the House Committee on Education and Labor, stated: "Some questions have arisen regarding the running of the statute of limitations. The amendment would lift the statute of limitations for all time, would apply it retroactively, and would sunset this provision on November 15, 1992, in line with the reauthorization of the Higher Education Act." 131 *Cong.Rec.* H1810 (daily ed. March 19, 1991).

Other statements made during the debate on HETA throw light on congressional intent. Representative Ford stated:

H.R. 1285 overcomes a recent circuit court decision that puts in jeopardy the ability of the Department of Education to

---

**1.** November 15, 1992, is the "sunset date" of the Higher Education Act.

collect defaulted student loans through offsets of income tax refunds and other means. In particular, the bill would eliminate the statute of limitations with respect to recovery of defaulted student loans through offsets of Federal income tax refunds, litigation, and garnishment, where otherwise permitted by Federal law.

131 *Cong.Rec.* H1810 (daily ed. March 19, 1991). This statement refers to a recent decision of the Fifth Circuit, *Grider v. Cavazos,* 911 F.2d 1158 (5th Cir.1990). In *Grider,* the court held that despite extensions to the statutory limitations period enacted in 1986, the time period for the collection of debts through federal tax refund offsets is at most 10 years, running from the date that the loan first became delinquent. 911 F.2d at 1164.

Wall contends that the legislative history referring to *Grider* supports his position because it shows that Congress was focusing only on cases involving collection of student loans through federal tax refund offsets. This argument fails for two reasons. First, there is nothing in the record indicating that the United States does not intend to use offsets against any federal tax refund owing to Wall as part of its collection strategy. Second, although the legislative history indicates a desire to deal with the specific issue raised in the *Grider* case, i.e., offsets against federal tax refunds, Congress did not confine its action to such cases. Indeed, Representative Ford's statement quoted above refers to recovery of defaulted student loans through litigation and garnishment as well as through offsets of tax refunds.

Thus, given the legislative history and the plain language of HETA, I find that Congress intended to retroactively abolish all limitations on the collection of student loans, so that all possible funds could be collected from student loan defaulters. Accordingly, this action was timely filed, and Wall's motion to dismiss is denied.