996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernetta STEELE, Defendant-Appellant.
 No. 92-56047.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vernetta Steele appeals pro se the district court's summary judgment in favor of the United States in the government's action to collect on a defaulted student loan. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Steele contends the government's action is barred by the statute of limitations. This contention lacks merit.
 
 
 4
 In the Higher Education Technical Amendments of 1991, ("HETA"), Pub.L. No. 102-26, 105 Stat. 124 (1991), Congress provided that actions to collect on defaulted student loans are no longer subject to any statute of limitations. See id. § 3(a), 20 U.S.C. § 1091a(a) (Supp.1993);[1] United States v. Wall, 794 F.Supp. 350, 351-52 (D.Ore.1992). HETA is applicable to actions pending on or after the effective date of HETA that are brought before November 15, 1992. See HETA, § 3(c);[2] Wall, 794 F.Supp. at 351-52. Here, because the government filed its complaint on November 5, 1991, this action is not barred by the statute of limitations. See HETA, §§ 3(a) & (c); Wall, 794 F.Supp. at 351-52.[3]
 
 
 5
 Steele also contends that retroactive application of HETA renders the statute an unconstitutional ex post facto law. This contention lacks merit.
 
 
 6
 Application of the Ex Post Facto Clause of the United States Constitution is limited to criminal or penal proceedings. Carlton v. United States, 972 F.2d 1051, 1056 n. 3 (9th Cir.1992). This action is not such a proceeding.
 
 
 7
 Finally, Steele contends the district court should not have granted the government's motion for summary judgment because the government failed to serve her properly with the motion. The government did not serve Steele with the summary judgment motion until almost seven weeks after the motion was filed and more than two and one-half weeks after the noticed hearing date. Moreover, it is unclear from the record whether the district court actually considered the opposition Steele eventually filed.
 
 
 8
 Nevertheless, after reviewing Steele's opposition we are satisfied that under the circumstances of this case reversal is not warranted. The exhibits attached to the government's motion show the amount of Steele's indebtedness and the reason for her default. In her opposition to the motion, Steele did not offer evidence to show that a genuine issue exists as to whether she was in default on her student loans and the amount she owed. Furthermore, the legal arguments Steele raised were the same arguments we have already determined lack merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3(a) provides, in pertinent part:
 (1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.
 (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken.
 HETA, § 3(a).
 
 
 [2]
 Section 3(c) provides:
 The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99-272), and shall apply to any actions pending on or after the date of enactment of [HETA] that are brought before November 15, 1992.
 HETA, § 3(c).
 
 
 [3]
 We would reach the same conclusion even if HETA was not applicable to this case. Before HETA, the statute of limitations was six years and began to run from the date the defaulted student loan was assigned to the United States. United States v. Menatos, 925 F.2d 333, 335 (9th Cir.1991). Here, the statute of limitations would not have begun to run until Steele's defaulted loan was assigned to the United States on November 30, 1990. See id. As noted above, the government filed this action on November 5, 1991, less than a year after the assignment and well within the six-year limitations period