15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jan YOUNG, Defendant-Appellant.
 No. 93-16062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jan Young appeals pro se the district court's summary judgment in favor of the United States in the government's action to collect on a defaulted student loan. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Young contends the government's action is barred by the statute of limitations. The United States concedes that the action would have been barred under the statute of limitations in effect prior to July 1, 1991, but contends that the action is timely under the Higher Education Technical Amendments of 1991 (HETA), Pub.L. No. 102-26, 105 Stat. 124 (1991) (codified at 20 U.S.C. Sec. 1091a(a)).
 
 
 4
 Prior to the 1991 amendments, the statute of limitations period for suits to collect student loans was six years commencing from the date the government paid the guarantee claim on a federal insured student loan, or six years from the date the loan was assigned to the Department of Education. United States v. Menatos, 925 F.2d 333, 335 (9th Cir.1991). In HETA, Congress provided that actions to collect on defaulted student loans are no longer subject to any statute of limitations. See 20 U.S.C. Sec. 1091a(a) (Supp.1993);[1] United States v. Wall, 794 F.Supp. 350, 351-52 (D.Or.1992). HETA is applicable to actions pending on or after the effective date of HETA that are brought before November 15, 1992. See HETA, Sec. 3(c);[2] Wall, 794 F.Supp. at 351-52.
 
 
 5
 Here, the loan was assigned to the Department of Education on December 1, 1985 and the United States paid the guarantee claim on or before the date of the assignment. Therefore, under the prior law, the statute of limitations would have expired on December 1, 1991. Under HETA, however, this action is not barred by the statute of limitation because the government filed its complaint on February 3, 1992, prior to the November 15, 1992 "sunset date."[3] See HETA, Sec. 3(c); Wall, 794 F.Supp. at 351-52. Accordingly, the district court properly held that this action was not time barred. See 20 U.S.C. Sec. 1091a(a).
 
 
 6
 Young also contends that retroactive application of HETA renders the statute an unconstitutional ex post facto law. This contention lacks merit. The Ex Post Facto Clause of the United States Constitution is applicable only to criminal or penal proceedings and thus is not relevant here. See Carlton v. United States, 972 F.2d 1051, 1055 n. 3 (9th Cir.1992).
 
 
 7
 Finally, Young contends that the United States violated 31 U.S.C. Sec. 3720A between 1985 and 1989 by not providing Young with 60 days notice prior to offsetting his debt through the reduction of tax refunds. Because this argument was not raised below, we will not be consider it for the first time on appeal. See United States v. State of Oregon, 769 F.2d 1410, 1414 (9th Cir.1985). Young argued below that the complaint should be dismissed because the United States did not give him 60 days notice prior to filing this action. Because Young does not raise this argument on appeal, it is deemed abandoned and we do not address it. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section (a) provides, in pertinent part:
 (1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.
 (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken.
 20 U.S.C. Sec. 1091a(a).
 
 
 [2]
 Section 3(c) provides:
 The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99-272), and shall apply to any actions pending on or after the date of enactment of [HETA] that are brought before November 15, 1992.
 HETA, Sec. 3(c) (amended 1992).
 
 
 [3]
 Section 3(c) of HETA was amended to eliminate the November 15, 1992 "sunset date." Pub.L. No. 102-325, Sec. 1551, 106 Stat. 838 (1992)