**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald B. PHILLIPS, Defendant–Appellant.**

No. 93–16522.

United States Court of Appeals, Ninth Circuit.

Submitted March 24, 1994 *.

Decided March 31, 1994.

---

**2.** It seems very difficult to say that slaying wild animals as recreation is "sport," while slaying them for less frivolous reasons is not. At any rate, the uses are very close.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

**1006**

Donald B. Phillips, pro se for defendant-appellant.

John F. Gisla, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.

PER CURIAM:

Donald B. Phillips appeals pro se the district court's summary judgment in favor of

the United States in the government's action to recover on several defaulted student loans. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990), and we affirm.

Phillips contends the government's action is barred by the statute of limitations. The United States contends that the action is not time-barred because the Higher Education Technical Amendments of 1991 (HETA), Pub.L. No. 102–26, 105 Stat. 123 (1991) (codified at 20 U.S.C. § 1091a(a)), eliminated all statutes of limitation on actions to recover on defaulted student loans and thereby revived this action against Phillips. We agree.

Prior to HETA, the statute of limitations period for suits to recover on defaulted student loans was six years, commencing from the date the loan was assigned to the Department of Education. *See* Higher Education Act of 1965 (HEA) as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), Pub.L. No. 99–272 (1986) (codified at 20 U.S.C. § 1091a(a)(4)(B) & (C)) (establishing six-year statute of limitations period); *United States v. Menatos,* 925 F.2d 333, 335 (9th Cir.1991).

■ Under HETA, however, Congress provided that actions to collect on defaulted student loans were no longer subject to any statute of limitations. *See* 20 U.S.C. § 1091a(a).[1] Moreover, Congress made HETA effective as if it were enacted under COBRA. *See* HETA § 3(c), Pub.L. No. 102–26, 105 Stat. 123, 125.[2] By doing so, Congress not only eliminated COBRA's six-year statute of limitations period, but also revived all actions which would have otherwise been time-barred. *See* 20 U.S.C. § 1091a(a); *see also United States v. Hodges,* 999 F.2d 341, 341–42 (8th Cir.1993) (government could bring action to recover on defaulted student loan even though loan was defaulted in 1969 and loan was assigned the government in 1983 and would have been time-barred under the six-year limitations period); *United States v. Glockson,* 998 F.2d 896, 897 (11th Cir.1993) (same; "Congress intended the HETA amendments to apply retroactively to all student loan collection actions"); *United States v. Mastrovito,* 830 F.Supp. 1281, 1282–84 (D.Ariz.1993) (same); *United States v. Davis,* 801 F.Supp. 581, 583–84 (M.D.Ala. 1992) (same); *United States v. Wall,* 794 F.Supp. 350, 351–52 (D.Or.1992) (same).

■ Here, Phillips's loans were assigned to the Department of Education on November 30, 1976 and August 20, 1984. Under COBRA, the statute of limitations would have expired six years from the date of assignment. *See Menatos,* 925 F.2d at 335. Under HETA, however, this action is not barred by any statute of limitation. *See* 20 U.S.C. § 1091a(a)(1) & (2); *Hodges,* 999 F.2d at 341–42; *Glockson,* 998 F.2d at 897; *Mastrovito,* 830 F.Supp. at 1282–84; *Davis,* 801 F.Supp. at 583–84; *Wall,* 794 F.Supp. at 351–52. Accordingly, the district court properly

---

1. Section (a) of HETA provides, in pertinent part:

   (1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

   (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken.

   20 U.S.C. § 1091a(a)(1) & (2).

2. Section 3(c) of HETA provides:

   The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99–272), and shall apply to any actions pending on or after the date of enactment of [HETA] that are brought before November 15, 1992.

   Subsequently, section 3(c) of HETA has been amended to eliminate the November 15, 1992 "sunset date." Pub.L. No. 102–325, § 1551, 106 Stat. 838 (1992).

held that this action was not time-barred. *See* 20 U.S.C. § 1091a(a).[3]

AFFIRMED.

**3.** On appeal, Phillips also contends HETA does not apply because the government's action was not "pending" as of the date of enactment of HETA (April 9, 1991), as provided in section 3(c) of HETA. We reject this argument. Because HETA not only replaced but also nullified the prior statute of limitations period, the government's right to proceed against Phillips to recover on his defaulted loans was "pending" as of the date of enactment of HETA.

Moreover, to the extent Phillips argues that the action is barred by California's statute of limitations, we also reject this argument. *See Menatos,* 925 F.2d at 335 n. 2 (finding that COBRA's six-year period revived action which otherwise would have been time-barred by state statute of limitation).