46 F.3d 1147
 97 Ed. Law Rep. 1011
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. MASTROVITO, Defendant-Appellant.
 No. 93-16768.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 6, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Mastrovito appeals pro se the district court's summary judgment in favor of the United States in the government's action to recover on two defaulted student loans. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's grant of summary judgment de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Mastrovito contends that the district court erred by granting summary judgment because the government's action is barred by the statute of limitations. This contention lacks merit.
 
 
 4
 Prior to the Higher Education Technical Amendments of 1991 ("HETA"), Pub.L. No. 102-26, 105 Stat. 123, 125 (codified at 20 U.S.C. Sec. 1091a(a) (1991)), the statute of limitations period for suits to recover on defaulted student loans was six years commencing from the date the loan was assigned to the Department of Education.[1] U.S. v. Phillips, 20 F.3d 1005, 1007 (9th Cir.1994). In HETA, Congress amended section 484(a) of HEA to eliminate all statutes of limitations for lawsuits brought to collect defaulted student loans.[2] Id.; see HETA, Sec. 3(a), 105 Stat. 123, 125. Congress made HETA effective as if it were enacted under COBRA and amended COBRA so that it applied to "all grants, loans or work assistance, including such assistance awarded before the enactment of this Act." HETA, Sec. 3(b) & (c). "By doing so, Congress not only eliminated COBRA's six-year statute of limitations period, but also revived all actions which would have otherwise been time-barred." Phillips, 20 F.3d at 1007.
 
 
 5
 On appeal, Mastrovito contends that the statute of limitations in this case lapsed prior to the effective date of COBRA, and therefore, the government's action is not resucitated by HETA.
 
 
 6
 Although the statute of limitations in this case lapsed prior to the enactment of COBRA, the provisions of HETA operate retroactively to revive otherwise stale claims. See Phillips, 20 F.3d at 1007. Accordingly, the district court properly held that the government's action was not time-barred. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The six-year limitations period was added to the Higher Education Act of 1965 ("HEA"), Pub.L. No. 89-329, 79 Stat. 1219 (1965) by section 16033 of the Consolidated Omnibus Budget Reconciliation Act of 1985, ("COBRA") Pub.L. No. 99-272, 100 Stat. 82, 355-56 (1986). Id
 
 
 [2]
 Section 3(a) of HETA provides, in pertinent part:
 (1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regar to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.
 (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken.
 20 U.S.C. Sec. 1091a(a)(1) & (2).