UNITED STATES of America, Plaintiff,

v.

Ralph N. SINGER, Defendant.

Civil Action No. 96–388 (AER).

United States District Court,
District of Columbia.

July 3, 1996.

Memorandum Opinion & Order
On Reconsideration October 16, 1996.

Plaintiff, Pro Se.

Herbert A. Rosenthal, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This civil action arises from a dispute over the obligation of Defendant, Ralph Singer, for educational loans he received to attend chiropractic college. Pending before the Court is Plaintiff's Motion for Summary Judgment. Although Defendant has failed to plead or otherwise respond to Plaintiff's Motion, it is ripe for a decision because the time allotted for filing opposition under the feder-

al rules of civil procedure and the local rules of this Court has expired.

Summary judgment is appropriate where there are no genuine issues as to any material fact. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986). Upon consideration of the Plaintiff's Motion and the entire record in this action, the Court finds that Plaintiff, the United States of America, has set forth sufficient and undisputed evidence regarding Defendant's default and his resulting debt. Assuming Defendant is able to prove any of his contentions, Defendant has failed to allege any material facts which would result in relief in his favor. For the reasons stated herein, Plaintiff's motion shall be granted.

## I. Background

Between 1979 and 1981, Defendant, Dr. Ralph Singer, borrowed approximately $20,000 to finance his education at chiropractic school. *See* Compl.Exhs. A1–A5; Answer ¶¶ 1–4. On February 2, 1996, the United States through its contract counsel sued Singer to collect on the defaulted educational loans.[1] The Government has submitted the affidavit of a loan analyst from the Department of Education indicating that Singer signed several promissory notes which the United States Department of Education insured. Azam Aff. at 1–2. The record indicates that Dr. Singer made his last voluntary payment of $200.00 in October 1985. Azam Aff. at 2. After Dr. Singer defaulted on his debt obligation, the United States as guarantor paid the original lender the balance. *Id.* As of November 27, 1995 the balance on Singer's loan has a principal balance of $17,960.83 with accrued interest of $14,804.17 (pre-judgment interest on $17,960.83 at 7%

per annum). *Id.; see also* Azam Aff.Exh. B Certificate of Indebtedness (Dec. 15, 1996).

Although Singer admits borrowing the money and having an outstanding balance on his student loans he does not believe that he has to repay his debts. *See* Answer. Defendant argues that the statute of limitations bars the Government's efforts to collect money he has borrowed. Additionally, Defendant asserts that the Department of Education did not follow proper procedures in servicing his loans and therefore may not bring an action to collect on the outstanding notes.

## II. Discussion

■ Defendant concedes that he borrowed money to pay for his education and has not repaid his loans but argues that the Government's action is barred by a statute of limitations. Singer is wrong.

Prior to the enactment of the Higher Education Technical Amendments of 1991 ("HETA"), 20 U.S.C. § 1091a(a) (1994), the statute of limitations period to recover on defaulted student loans was six years, commencing from the date the loan was assigned to the Department of Education. *See* Higher Education Act of 1965 ("HEA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), Pub.L. No. 99–272 (1986). However, with HETA, Congress eliminated all statutes of limitations on actions to recover on defaulted student loans, thereby reviving this action against Dr. Singer.[2] By making HETA effective as if it were enacted under COBRA, Congress not only eliminated COBRA's six year statute of limitations period, but also revived all actions which would have otherwise been time-barred. *See United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir.1994) (explaining the

1. Counsel for the Plaintiff has a contract with the Department of Justice to represent the United States. Thus, this action is brought by the Department of Education through the Department of Justice.

2. Section 1091a(a) of HETA provides, in pertinent part:

(1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to

any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

(2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforce, or an offset, garnishment, or other action initiated or taken.... 20 U.S.C. § 1091a(a)(1) & (2).

effects of HETA); *see also United States v. Hodges,* 999 F.2d 341, 341–42 (8th Cir.1993) (government could bring action to recover on defaulted student loan even though loan was defaulted in 1969 and loan was assigned the government in 1983 and would have been time-barred under the six-year limitations period).

The undisputed facts are as follows: From February 2, 1979 through June 5, 1981, Singer executed five promissory notes with a total principal amount of $20,000. Singer made his last voluntary payment of $200.00 in October 1985. The Department of Education as the insurer of these debts was forced to purchase his promissory notes from the lender. The United States filed this action on February 29, 1996 approximately ten years after the notes were assumed by the Department of Education. In his Answer, Singer admitted taking the student loans to finance his education and that he defaulted on the promissory notes. The Government has submitted undisputed affidavit testimony and a certificate of indebtedness from the Department of Education indicating that as of November 27, 1995, Dr. Singer's total debt to the United States totals $32,765.00. *See* Azam Aff. at Exh. B. Because HETA has eliminated the six year statute of limitations and any other statute of limitations the Government's action to recover on valid promissory notes is not time-barred, accordingly Dr. Singer is obligated by law to repay his loans. 20 U.S.C. § 1091a(a); *Phillips,* 20 F.3d at 1007.

█ In addition to asserting a now defunct statute of limitations as a defense, Dr. Singer asserts other defenses in the nature of waiver, laches, and deficiencies in the Department of Educations loan servicing and guarantee process. However, assuming *arguendo* some technical problems in the Department of Education's management of Singer's debt this allegation does not excuse Dr. Singer's duty to repay his student loans. The Court finds that Dr. Singer was loaned a substantial amount of money to attend chiropractic school and signed undisputedly genuine notes which remain unpaid. Dr. Singer has shirked his duty to repay his student loans to the United States and its taxpayers for more than a decade he can ignore his responsibility for this debt no more.

### III. Conclusion

For the foregoing reasons it is by the Court this 3rd day of July, 1996,

**ORDERED,** that Plaintiff's Motion for Summary Judgment be and hereby is **GRANTED;** and it is

**FURTHER ORDERED,** that Judgment is hereby entered in favor of the United States against Ralph N. Singer in the amount of $17,960.83 plus $14,804.17 in accrued interest up to November 27, 1995; with pre-judgment interest on $17,6.83 at 7% per annum from November 27, 1995 until the date of this Judgment; with post-judgment interest at the legal rate on the total judgment of $32,765.00; plus the 10% statutory surcharge of $3,276.50. The Court will award as costs the administrative cost to the Plaintiff for the Central Intake Facility totaling $140.00, the costs of service of process ($32.50), plus the $120.00 filing fee (total $295.50). The expenses of post judgment execution and enforcement shall be taxed as costs.

### MEMORANDUM OPINION AND ORDER ON RECONSIDERATION

This matter is before the Court on Defendant's Motion for Reconsideration of Summary Judgment. For the reasons set forth below, Defendant's Motion is denied.

### I. BACKGROUND

This civil action, the facts of which are more fully set out in the Court's Memorandum Opinion and Order filed July 3, 1996, arises from a dispute over the obligation of Defendant, Ralph Singer, for educational loans he received to attend chiropractic college. On July 3, 1996, the Court granted Plaintiff's Motion for Summary Judgment and entered Judgment in favor of the United States. Although Defendant had as of that date failed to plead or otherwise respond to Plaintiff's Motion, it was ripe for a decision because the time allotted for filing opposition under the federal rules of civil procedure and the local rules of this Court had expired. On July 8, 1996, Defendant filed a Motion to

extend time to file an opposition to Plaintiff's Motion for Summary Judgment, and on July 10, 1996, Defendant filed the instant Motion for Reconsideration of Summary Judgment. By Order dated August 2, 1996, the Court ordered Plaintiff to file a reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment, to which Defendant filed a sur-reply. All other pending motions have been held in abeyance pending determination of the instant Motion.

Summary judgment is appropriate where there are no genuine issues as to any material fact. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986). Upon consideration of Plaintiff's Motion, Defendant's Opposition, Plaintiff's Reply, Defendant's sur-reply and the entire record in this action, the Court finds that Plaintiff, the United States of America, has set forth sufficient and undisputed evidence regarding Defendant's default and his resulting debt. Defendant's attempts to evade payment of his debt are without merit and provide no basis for reconsidering the entry of summary judgment in favor of Plaintiff.

## II. DISCUSSION

■ Defendant's opposition to Plaintiff's Motion for Summary Judgment raises two equally meritless arguments. First, Defendant argues that the lenders have not met the due diligence requirements imposed by statute and regulation and that, therefore, the lender and, subsequently, the Government, is barred from accelerating the loans. Dr. Singer correctly points out that both the United States Code and the Code of Federal Regulations specify a number of requirements that obligate the lender to utilize due diligence before tendering its claims to the United States for payment. The statute and regulations do not, however, give the borrower any basis for avoiding his debt based on the failure of the lender to properly service the loans. Dr. Singer has not and, indeed, cannot find any basis in the law or regulations for a defense to payment of the debt. Quite simply, Dr. Singer's reliance on the due diligence provision is misplaced. *United States v. Smith*, 862 F.Supp. 257, 262

(D.Haw.1994) ("The due diligence statutes exist for the government's benefit, to ensure that the lender seeks recovery from the borrower before the lender makes a claim against the insurance.... The statute does not give the borrower the right to void his debt simply because he is now dissatisfied with the lender's collection practices.") Accordingly, the Court finds no basis for reconsidering its July 3, 1996, conclusion that any technical problems in the servicing of Dr. Singer's debt do not excuse Dr. Singer's failure to repay his student loans.

■ Secondly, Dr. Singer asserts that Congress' modification of the statute of limitations violates the *Ex Post Facto* clause of the Constitution. This argument is similarly without merit, because it has been recognized for almost 200 years that the *Ex Post Facto* clause only applies to penal statutes. *See Collins v. Youngblood*, 497 U.S. 37, 41 & n. 2, 110 S.Ct. 2715, 2718 & n. 2, 111 L.Ed.2d 30 (1990) ("Although the Latin phrase 'ex post facto' literally encompasses any law passed 'after the fact,' it has long been recognized by the Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them."), *citing Calder v. Bull*, 3 Dall. 386, 1 L.Ed. 648 (1798). Because the modification of the statute of limitations does not involve penal law, Dr. Singer's argument must be summarily dismissed.

Accordingly, the Court again finds that Dr. Singer is without question obligated to repay his student loans. Notwithstanding Dr. Singer's continued legal maneuvering, Dr. Singer has failed to indicate any reason that mandates a conclusion to the contrary.

## III. CONCLUSION

For the foregoing reasons, it is by the Court this 16th day of October 1996,

**ORDERED,** that Defendant's Motion for Reconsideration of Summary Judgment be and hereby is **DENIED;** and it is

**FURTHER ORDERED,** Defendant's Motion for Stay of Enforcement Pending Reconsideration of Summary Judgment be and hereby is **DENIED** as moot; and it is

**FURTHER ORDERED,** that Defendant shall respond to the Motion of the United States for Entry of an Installment Payment Order within 10 days from the date of this Order.