145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Theodore E. DAUVEN, Defendant-Appellant
and
Barbara G. DAUVEN, Intervenor-Appellant.
 No. 97-35362.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the District of Oregon.
 Before: SCHROEDER, TROTT and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 HAGGERTY, J., Presiding
 
 
 1
 Submitted May 14, 1998**
 
 
 2
 Theodore E. Dauven appeals pro se the district court's grant of summary judgment for the United States in an action brought by the United States to collect Dauven's defaulted federally guaranteed student loans. Barbara G. Dauven appeals from the denial of her motion to intervene. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo a grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and the denial of a motion to intervene as of right under Fed.R.Civ.P. 24(a), see Yorkshire v. IRS, 26 F.3d 942, 944 (9th Cir.1994). We review for an abuse of discretion the denial of a motion for permissive intervention under Fed.R.Civ.P. 24(b). See Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.1992).
 
 
 4
 Theodore Dauven argues that the district court erred by granting summary judgment because the government's action was barred by the statute of limitations. This argument lacks merit.
 
 
 5
 The Higher Education Technical Amendments of 1991, 20 U.S.C. § 1091a(a) ("HETA"), retroactively abrogated all statutes of limitations on actions to collect defaulted federally guaranteed student loans and revived stale actions. See United States v. Phillips, 20 F.3d 1005, 1007 (9th Cir.1994). Contrary to Dauven's argument, HETA's abrogation of the statute of limitations applies to the initiation of an offset or garnishment. See 20 U.S.C. § 1091a(a)(2). We reject Dauven's argument that the retroactive abrogation of the statute of limitations violates his due process rights. Therefore, the district court did not err in granting summary judgment for the United States.
 
 
 6
 The district court did not err by denying Barbara Dauven's motion to intervene because Barbara Dauven made no showing that she has an interest in the subject matter of the action, which is for the collection of a debt from Theodore Dauven. See Fed.R.Civ.P. 24(a).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4