IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31190
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELANIE M. OWEN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-2805
- - - - - - - - - -
June 7, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Melanie M. Owen appeals from the district court's grant of summary judgment in favor of the Government in its suit to recover on two promissory notes. Owen argues that the district court erred in granting summary judgment because there are disputed facts as to whether the notes were paid.

This court reviews a grant of summary judgment de novo. NCNB Texas Nat'l Bank v. Johnson, 11 F.3d 1260, 1264 (5th Cir. 1994). To recover on a promissory note, the Government must establish that (1) the defendant signed the promissory note,

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) the Government is the present owner or holder of the note, and (3) the note is in default. FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir. 1993).

The Government satisfied its initial burden of showing that it is entitled to recover on the promissory notes. Owen's assertion for the first time on appeal that the notes were paid by her former attorney is insufficient to show that there is a genuine issue for trial. Resolution Trust Corp. v. Camp, 965 F.2d 25, 29 (5th Cir. 1992).

Owen's claims of detrimental reliance, conflict of laws, and a Truth in Lending Act violation, which have been raised for the first time on appeal, will not be considered. Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

To the extent that Owen's due diligence and conflict of law claims may be construed as renewing her claims of untimeliness and estoppel addressed in the district court, she is nevertheless not entitled to relief. There is no statute of limitation period applicable to any action to recover defaulted student loans. See, e.g., United States v. Phillips, 20 F.3d 1005, 1007 (9th Cir. 1994). Owen has not established estoppel against the Government because she has made no showing of any affirmative misconduct.

Accordingly, the judgment of the district court is AFFIRMED.