MEMORANDUM **
Richard Brown appeals the district court’s determination that his delinquent student loan debts were not discharged in prior bankruptcy proceedings. We affirm.
DISCUSSION
“Generally, student loan obligations are presumed to be nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8).” In re Rifino, 245 F.3d 1083, 1087 (9th Cir.2001). While there are exceptions, Brown has not demonstrated that he qualified for such relief. His first bankruptcy petition was filed before the expiration of the five-year period specified in the former version of § 523(a)(8). Although this Chapter 13 petition was later converted to a Chapter 7 petition after the five-year period, the conversion did not change the date of filing. See In re Hines, 147 F.3d 1185, 1188 n. 5 (9th Cir.1998) (citing 11 U.S.C. § 348(a)). Brown also failed to file an adversary complaint or otherwise seek a ruling from the bankruptcy court that his student loans should be discharged because of undue hardship. See Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 451-52, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) (noting student loan debtor is required to file an adversary proceeding by service of a summons and complaint). Moreover, the bankruptcy court’s discharge orders specifically noted that student loans are not generally dis-chargeable pursuant to § 523(a)(8).
Finally, there is no statute of limitations that bars collection of defaulted student loans. See United States v. Phillips, 20 F.3d 1005, 1007 (9th Cir.1994) (citing 20 U.S.C. § 1091a(a)). We will not consider Brown’s argument raised for the first time on appeal that defendants are not the real parties in interest. See In re Focus Media, Inc., 378 F.3d 916, 924 n. 7 (9th Cir.2004) (noting an argument raised for the first time on appeal is waived).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.